HAHNE & COMPANY, PROSECUTOR, v. DAVID GUENTHER, RESPONDENT.

Submitted January 26, 1935—Decided April 8, 1935.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and BODINE.

For the prosecutor, *Edward A. Markley* and *Patrick F. McDevitt*.

For the respondent, *David Roskein*.

BODINE, J. A workman met with an accident in the course of his employment manifested by a trifling injury to his hand. A few days later he suffered a stroke of apoplexy, followed in a few months by a second. He is now insane. The bureau quite properly found that there was no relationship between the hand injury and the insanity. The finding was reversed by the Court of Common Pleas.

There was medical testimony to the effect that from the minor injury to the hand an embolus could have been thrown off which, after reaching the blood stream instead of following the usual course of circulation from the right auricle of

the heart to the right ventricle into the lungs and then to the left auricle and left ventricle to the systemic circulation, managed to get through an opening of the heart, known as the patent foramen ovale, and by this direct course, short cut the lungs and lodged in the brain.

It is perfectly clear from the testimony that the workman suffered from arterio sclerosis and had not a patent foramen ovale. Hardening of the arteries is the most usual cause of the symptoms from which the man was suffering. There is no reason why the court should have found that the insanity was due to a vague hypothesis without supporting foundation, when by the clear weight of the evidence the subsequent trouble could have been caused by an existing condition which was perfectly unrelated to the minor hand injury. Patent foramen ovale necessary to account for the Common Pleas' theory of liability occurs occasionally in children who do not long survive. It is rare in adults, and besides there was no evidence of such condition in this workman when examined by competent medical witnesses. He was a man fifty-five years of age accustomed to hard work, showing all the symptoms of hardening of the arteries, as well as kidney and heart disturbances. It is far more reasonable to accept the hypothesis that the apoplexy was the natural result of the progress of these diseases than that the brain disturbance was due to an embolus thrown off from the slight hand wound, which passed to the brain because of a patent foramen ovale existing since birth. Assuming that the embolus could have done what is contended for it, still it seems that the proofs are more consistent with the theory of a hemorrhage caused by arterio sclerosis, than with the theory of an embolus from the hand injury. Compensation does not go for injuries caused by the natural progress of a disease from which a workman is suffering.

The judgment is reversed.